### PENDLETON *v.* JOHNSTON.

#### (*Superior Court of New York City, General Term.* May 4, 1891.)

SERVICES OF ATTORNEY.

In an action for professional services as an attorney rendered by plaintiff's assignor, it appeared that he had been fully compensated for services rendered by him under his original retainer, and the only controversy was as to the value of any additional services. The extent and value of such additional services rested exclusively on his testimony, and he admitted that he was interested in the claim. *Held,* that the jury were not bound by his testimony, and a verdict for plaintiff for six cents should not be disturbed.

Appeal from trial term.

Action by James F. Pendleton against Alexander Johnston. Plaintiff appeals from a judgment for defendant for costs, entered on the verdict of a jury in favor of plaintiff for six cents, and also from an order denying plaintiff's motion to set aside the verdict and for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*A. Edward Woodruff,* for appellant.    *David Leventritt,* for respondent.

FREEDMAN, J.    The action was brought to recover the value of services claimed to have been rendered to the defendant by plaintiff's assignor, an attorney and counselor at law. The answer is substantially a general denial. At the trial evidence was given on both sides, and the issues were submitted to the jury under a charge to which no exception was taken. The jury having found a verdict for the plaintiff for six cents only, and the exceptions appearing in the record being utterly untenable, the substantial question presented for consideration relates to the alleged inadequacy of the verdict. The power of the court to set aside a verdict for inadquacy cannot be, and has not been, questioned. But, whenever its exercise is invoked, it should be made to appear that the prevailing party received a verdict for an amount less than any view of the testimony consistent with the right of such party to a recovery justifies. The services sought to be recovered for in this action were claimed to have been rendered by plaintiff's assignor to the defendant in connection with the failure of E. H. Jones & Co., of which firm the defendant was a member. It appeared at the trial that, at the instance of the defendant, plaintiff's assignor was retained by a committee of creditors to represent the creditors of that firm, and to assist the defendant, at the expense of those creditors, in compromising and adjusting the affairs of said firm; and that for the services performed by plaintiff's assignor pursuant to such retainer he received a compensation at least four times as large as the amount with which he had declared from the start he would be satisfied. In view of these facts, the controversy finally became narrowed down to the question whether any additional services beneficial to the defendant, and not covered by the committee's retainer, were rendered by plaintiff's assignor to the defendant, and, if so, what their reasonable value was. Upon this question the state of the evidence is of such a character, especially in view of the admissions made plaintiff's assignor in the course of his cross-examination, that the jury cannot be blamed for having come to the conclusion that, although some slight additional service was rendered, its reasonable value was merely nominal. I have carefully read and considered the whole of the evidence appearing in the

case, and I fail to perceive how the verdict can be disturbed. The extent of such additional service, and its reasonable value, rests exclusively upon the uncorroborated testimony of plaintiff's assignor, and, inasmuch as he inferentially admitted on cross-examination that, notwithstanding the assignment of his claim under seal to the plaintiff, he retained some interest in the claim, the jury were not bound by his testimony, especially as his testimony as to value constituted only an opinion. The judgment and order should be affirmed, with costs. All concur.