## MASOR v. JACOBUS et al.

(Supreme Court, Appellate Term. November 6, 1903.)

1. CONTRACTS—BREACH—SUFFICIENCY OF EVIDENCE.

In an action for the breach of a contract for the delivery of iron beams, evidence *held* to fail to show that defendant did not deliver all the iron called for by the contract.

2. APPEAL—REVIEW.

Where the complaint should have been dismissed, or a verdict directed for defendant, plaintiff cannot object to verdict in his favor as being inadequate.

Appeal from City Court of New York.

Action by Barnet Masor against William Jacobus and another. From an order setting aside the verdict for plaintiff as inadequate and directing a new trial, defendants appeal. Reversed.

See 84 N. Y. Supp. 270.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Mitchell L. Erlanger, for appellants.

H. Kuntz, for respondent.

BLANCHARD, J. The plaintiff's claim herein is set forth in the complaint as follows:

"That heretofore, and on or about the 11th day of March, 1902, the defendants herein entered into an agreement with the said firm of B. Masor & Co., by the terms of which the defendants agreed to sell and deliver, while the said firm of B. Masor & Co. agreed to buy and accept, all the iron beams found in the yard of the defendants herein in the city of Paterson, state of New Jersey, as well as all other beams purchased by the said Empire Metal Company and owned by them at said time at Paterson, New Jersey, or elsewhere, at the agreed price of one dollar and twenty-five cents ($1.25) per one hundred (100) pounds of said iron beams. That the defendants are guilty of a breach of said contract by failing to deliver to the firm of B. Masor & Co. seventy-two thousand pounds of the said iron beams purchased by it from the defendants herein, and that, contrary to the terms of said agreement, the defendants herein sold said seventy-two thousand pounds of beams to persons other than said firm, and that they refuse and still refuse to deliver the said beams to B. Masor & Co., contrary to the terms and agreements of the contract herein entered into."

In support of this claim the plaintiff introduced in evidence an agreement between the plaintiff's assignor and the defendants in terms as follows:

"Paterson, N. J., March 11th 1902.

"We the Empire Metal Co. agree to sell to R. Masor & Co. all of the straight I beams that we have purchased in the City of Paterson of the building being in the fire beam that lay in our yard and are laying elsewhere in the City of Paterson that have been purchased by the Empire Metal Co. We agree to load beams on cars F. O. B. Paterson, One Dollar 25/100 per hundred pounds. All beams will be selected by B. Masor & Co.

"As soon as cars are weighed by R. R. Co., B. Masor & Co. agree to pay for same as soon as bill of lading is handed to them.

"Received Twenty five dollars on acc't.

"3 Peck Slip, N. Y.      "Empire Metal Co.
Per
"Wm. Jacobus & Krulan, Prop."

There is no evidence in the case that the 72,000 pounds of iron beams mentioned in the complaint, or any portion of them, had been purchased by the defendants at the time this agreement was made. The plaintiff testified that on or about March 11, 1902, the date of the contract, he was in Paterson, and selected the iron he was entitled to under the provisions of the contract; that he there made a memorandum of the iron which he had selected and that thereafter the defendants delivered "the biggest portion of those beams," and that he could not produce the memorandum; that he was not sure it might not have been destroyed, and that the reason why he might have destroyed it was because "the biggest portion of those beams

were delivered, and there would be no further use for the list." The controversy appears to have related only to the iron beams that were in and about the burned building known as the "Paterson National Bank" on or about August 24, 1902. There is no evidence that the defendants had purchased there beams on or prior to March 11, 1902, or that they then had any ownership in them. The undisputed evidence is all to the contrary. There is no evidence that the defendants did not sell and deliver to the plaintiff's assignor all the iron called for by the contract of March 11, 1902.

The motions of defendants' counsel for a dismissal of the complaint for failure of proof, and for a direction of a verdict in favor of defendants were denied. The court charged the jury, "This plaintiff cannot recover for any more beams than were in the possession of the defendants on March 11, 1902," and referred the jury to the terms of the contract. The jury rendered a verdict in favor of plaintiff for the sum of $55. On motion of plaintiff the court set aside the verdict as being inadequate in amount. The defendants did not move to set aside the verdict or for a new trial. This appeal is by the defendants from the order granted on plaintiff's motion setting aside the verdict as inadequate and directing a new trial. The plaintiff failed to sustain his alleged cause of action by any evidence. The complaint should have been dismissed, or a verdict directed for the defendants. The verdict was more favorable to the plaintiff than he was entitled to. He cannot be heard in objection to it. Pendleton v. Johnston (Super. Ct. N. Y.) 14 N. Y. Supp. 629, affirmed in 133 N. Y. 678, 31 N. E. 626.

The order appealed from should be reversed, with $10 costs and disbursements. All concur.